IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF NEW YORK

| JODY J. TROMBLEY, | |
|---|---|
| Petitioner, | No. 9:14-cv-01118-JKS |
| vs. | ORDER |
| MAUREEN BOSCO, Director, Central New York Psychiatric Center, | |
| Respondent. | |

Jody J. Trombley, a civil detainee proceeding *pro se*, filed a Petition for a Writ of Habeas Corpus with this Court pursuant to 28 U.S.C. § 2254. Trombley is in New York state custody and involuntarily confined at the Central New York Psychiatric Center ("CNYPC") as a "sex offender requiring civil management" pursuant to Article 10 of the New York State Mental Health Law ("MHL").[1] Respondent has answered, and Trombley has replied.

---

[1] A person in custody pursuant to the judgment of a state court may file a petition for a writ of habeas corpus in the United States district courts if the custody is in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. §§ 2241(c)(3), 2254(a); *Williams v. Taylor*, 529 U.S. 362, 375, n.7 (2000). The fact that Trombley is challenging his civil commitment for mental illness rather than his underlying conviction does not change the outcome as civil commitments are typically challenged in habeas proceedings. *See Duncan v. Walker*, 533 U.S. 167, 176 (2001) (stating that a state court order of civil commitment satisfies § 2254's "in custody" requirement).

A person in state custody may challenge his confinement under 28 U.S.C. § 2241 or 28 U.S.C. § 2254. However, a § 2241 petition generally challenges the execution of a sentence such as "the administration of parole, computation of a prisoner's sentence by prison officials, prison disciplinary actions, prison transfers, type of detention and prison conditions." *Jiminian v. Nash*, 245 F.3d 144, 146 (2d Cir. 2001). Because Trombley challenges the term of his confinement rather than the conditions surrounding it, he has properly brought his claim under § 2254. *Buthy v. Comm'r of Office of Mental Health of New York*, 818 F.2d 1046, 1051-52 (2d Cir. 1987) (petitioning for a writ of habeas corpus pursuant to § 2254 is the appropriate method for an individual to challenge the fact or duration of his involuntary civil commitment to a state psychiatric institution).

# I. BACKGROUND/PRIOR PROCEEDINGS

On February 8, 2000, Trombley pled guilty to various charges and was subsequently sentenced to 10 years' imprisonment. *See Trombley v. Trombley*, 754 N.Y.S.2d 100, 101 (N.Y. App. Div. 2003). Prior to his release from prison, the State moved for an order finding that Trombley is a sex offender requiring civil management under MHL Article 10. After trial, at which Trombley was represented by counsel, a jury found that Trombley's criminal convictions of second-degree assault were sexually motivated and that Trombley "is a detained sex offender who has a mental abnormality[] that predisposes him to commit sex offenses[] and results in his having serious difficulty in controlling such conduct." By order dated October 28, 2010, the Oneida County Supreme Court adjudicated Trombly a "dangerous sex offender requiring confinement."

Through counsel, Trombley appealed his civil confinement, arguing that: 1) the trial court erred in admitting an unsworn statement and evidence regarding Trombley's 1983 and 1993 assault convictions; 2) the trial court erred in instructing the jury with a "special inference" charge; 3) the cumulative effect of the trial court's errors warranted reversal of the adjudication; 4) the jury's verdict was based upon legally insufficient evidence and against the weight of the evidence; 5) his speedy trial rights were violated; 6) Mental Hygiene Law §§ 10.07(c) and (d) are unconstitutional on their face; and 7) he should not be confined. The Appellate Division unanimously affirmed the judgment against Trombley in a reasoned opinion issued on September 28, 2012. *State v. Trombley*, 951 N.Y.S.2d 782, 784 (N.Y. App. Div. 2012). Trombley filed a counseled application to the New York Court of Appeals for leave to appeal,

which was denied without comment on January 10, 2013. *In re State of New York v. Jody J.T.*, 983 N.E.2d 771, 771 (N.Y. 2013).

In *pro se* papers dated September 16, 2013, Trombley filed a coram nobis motion, arguing that his pre-trial, trial, and appellate counsel were ineffective in a variety of ways. The State opposed the motion, noting that it knew of no precedent for the Appellate Division to consider a coram nobis motion in an Article 10 proceeding, but presuming that such a motion would lie. On December 27, 2013, the Appellate Division summarily denied the coram nobis motion. In a *pro se* filing dated May 11, 2014, Trombley sought leave to appeal to the Court of Appeals. On July 1, 2014, the Court of Appeals ordered that "the motion is dismissed upon the ground that the Court does not have jurisdiction to entertain it."

Trombley filed a *pro se* Petition for a Writ of Habeas Corpus to this Court on September 9, 2014. Respondent requested to file a response limited to whether the Petition is timely. Docket No. 10. Through a previously assigned magistrate judge, this Court granted the request, Docket No. 11, and Respondent filed an answer alleging that Trombley's Petition is untimely by at least 50 days, Docket No. 12. Trombley replied, arguing that he is entitled to equitable tolling. Docket No. 19. The timeliness issue is now before the undersigned judge for consideration.

## II. GROUNDS RAISED

In his *pro se* Petition before this Court, Trombley challenges the validity of his civil commitment. Based on previous orders, however, whether Trombley's Petition is timely is the only issue currently pending before the Court.

## III. STANDARD OF REVIEW

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254(d), this Court cannot grant relief unless the decision of the state court was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," § 2254(d)(1), or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," § 2254(d)(2). A state-court decision is contrary to federal law if the state court applies a rule that contradicts controlling Supreme Court authority or "if the state court confronts a set of facts that are materially indistinguishable from a decision" of the Supreme Court, but nevertheless arrives at a different result. *Williams v. Taylor*, 529 U.S. 362, 406 (2000).

To the extent that the Petition raises issues of the proper application of state law, they are beyond the purview of this Court in a federal habeas proceeding. *See Swarthout v. Cooke*, 131 S. Ct. 859, 863 (2011) (per curiam) (holding that it is of no federal concern whether state law was correctly applied). It is a fundamental precept of dual federalism that the states possess primary authority for defining and enforcing the criminal law. *See, e.g.*, *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (a federal habeas court cannot reexamine a state court's interpretation and application of state law); *Walton v. Arizona,* 497 U.S. 639, 653 (1990) (presuming that the state court knew and correctly applied state law), *overruled on other grounds by Ring v. Arizona*, 536 U.S. 584 (2002).

In applying these standards on habeas review, this Court reviews the "last reasoned decision" by the state court. *Ylst v. Nunnemaker*, 501 U.S. 797, 804 (1991); *Jones v. Stinson*, 229 F.3d 112, 118 (2d Cir. 2000). Where there is no reasoned decision of the state court addressing the ground or grounds raised on the merits and no independent state grounds exist for not addressing those

grounds, this Court must decide the issues de novo on the record before it. *See Dolphy v. Mantello*, 552 F.3d 236, 239-40 (2d Cir. 2009) (citing *Spears v. Greiner*, 459 F.3d 200, 203 (2d Cir. 2006)); *cf. Wiggins v. Smith*, 539 U.S. 510, 530-31 (2003) (applying a de novo standard to a federal claim not reached by the state court). In so doing, the Court presumes that the state court decided the claim on the merits and the decision rested on federal grounds. *See Coleman v. Thompson*, 501 U.S. 722, 740 (1991); *Harris v. Reed*, 489 U.S. 255, 263 (1989); *see also Jimenez v. Walker*, 458 F.3d 130, 140 (2d Cir. 2006) (explaining the *Harris-Coleman* interplay); *Fama v. Comm'r of Corr. Servs.*, 235 F.3d 804, 810-11 (2d Cir. 2000) (same). This Court gives the presumed decision of the state court the same AEDPA deference that it would give a reasoned decision of the state court. *Harrington v. Richter*, 131 S. Ct. 770, 784-85 (2011) (rejecting the argument that a summary disposition was not entitled to § 2254(d) deference); *Jimenez*, 458 F.3d at 145-46. Under the AEDPA, the state court's findings of fact are presumed to be correct unless the petitioner rebuts this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003).

## IV. DISCUSSION

Respondent urges the Court to dismiss Trombley's Petition as untimely.

The AEDPA provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

On September 28, 2012, the Appellate Division affirmed the order of the Oneida County Supreme Court, *Trombley*, 951 N.Y.S.2d at 784, and the New York Court of Appeals denied his application for leave to appeal on January 10, 2013, *In re Jody J.T.*, 983 N.E.2d at 771. His conviction therefore became final 90 days later, on April 10, 2013, the conclusion of the period during which Trombley could have sought certiorari review in the United States Supreme Court. *See Williams v. Artuz*, 237 F.3d 147, 150-51 (2d Cir. 2001). Trombley thus had one year from that date, or until April 10, 2014, to file his Petition with this Court. *See* 28 U.S.C. § 2244(d)(1)(A).

28 U.S.C. § 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." As Respondent acknowledges, it appears that the limitations period was tolled during the pendency of Trombley's coram nobis motion in the Appellate Division because that court denied the motion without comment rather than dismissing the motion as improperly filed. Even with that tolling, however, Respondent argues that the Petition, which is dated September 9, 2014, is untimely by 50 days. Docket No. 12 at 5-6.

6

An untimely petition is subject to dismissal. *Day v. McDonough*, 547 U.S. 198, 201 (2006); *Jenkins v. Greene*, 630 F.3d 298, 305 (2d Cir. 2010). As aforementioned, this Court, through a previously-assigned magistrate judge, issued an order on January 1, 2015, allowing Respondent to file a response limited to whether the Petition is timely. In support of his Petition, Trombley filed a Traverse arguing that it would be a "miscarriage of justice" for the AEDPA's one-year statute of limitations to bar his Petition. Docket No. 19 at 5.

The statutory limitations period under the AEDPA may be tolled for equitable reasons. *Holland v. Florida*, 560 U.S. 631, 645 (2010). A petitioner seeking equitable tolling bears the burden of establishing two elements: 1) "that he has been pursuing his rights diligently," and 2) "that some extraordinary circumstance stood in his way" and prevented timely filing. *Id*. at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *Diaz v. Kelly*, 515 F.3d 149, 153 (2d Cir. 2008). The determination is made on a case-by-case basis. *Holland*, 560 U.S. at 649-50. "The term 'extraordinary' refers not to the uniqueness of a party's circumstances, but rather to the severity of the obstacle impeding compliance with a limitations period." *Harper v. Ercole*, 648 F.3d 132, 137 (2d Cir. 2011) (citations omitted). The threshold for a petitioner to establish equitable tolling is very high. *See Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000).

In his response, Trombley contends that: 1) there is no law library at CNYPC, the facility in which he is held; 2) he was not given legal assistance; and 3) he acted with due diligence in filing his coram nobis application under direction from the New York courts. Docket No. 19 at 5.

It is well-established that prisoners have a constitutional right to access the courts. *Bounds v. Smith*, 430 U.S. 817, 821 (1977). "Undeniably[,] the civilly committed patients [at

7

CNYPC], like convicted inmates, enjoy a First Amendment right of meaningful access to the courts." *McChesney v. Hogan*, No. 9:08–CV–0163, 2010 WL 3602660, at *12 (N.D.N.Y. Aug.17, 2010) (citing *Lane v. Carpinello*, No. 9:07–cv–751, 2009 WL 3074344, at * 24, 2009 WL 3074344, at *24 (N.D.N.Y. Sept. 24, 2009). The right of access requires prison authorities "to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Bounds*, 430 U.S. at 828.

The Second Circuit has not decided whether "the deprivation of petitioner's legal materials and his access to law library materials could constitute an extraordinary circumstance warranting equitable tolling of the one-year limitations period[.]" *Hizbullahankhamon v. Walker*, 255 F.3d 65, 75 (2d Cir. 2001) (declining to decide the question where the panel concluded that petitioner did not exercise reasonable diligence during the relevant time period and failed to show a causal connection between his confinement in a special housing unit and his filing of a late habeas petition and thus was not entitled to equitable tolling in any event). Nonetheless, in *Hizbullahankhamon*, the Second Circuit indicated that the denial of access to legal materials may well suffice to toll the statute of limitations. *See id.* ("were we to determine, in an appropriate case, that the discretionary deprivation of a prisoner's access to his own legal materials and law library materials *prevented* a prisoner from petitioning for a writ of habeas corpus in federal court, we would be obliged to consider granting a request for equitable tolling in order to avoid the constitutional difficulty posed by such a denial of access to the federal courts") (emphasis in original); *see also Valverde v. Stinson*, 224 F.3d 129, 133 (2000) (holding that "the confiscation of a prisoner's legal papers by a corrections officer shortly before the filing

8

deadline may justify equitable tolling" even of the strict statutory time limit governing the initial filing of habeas petitions and remanding to the district court to determine whether petitioner was entitled to equitable tolling).

In another case before a different judge of this Court, the Attorney General of the State of New York, the attorney for Respondent, conceded in an order filed after the timeliness briefing in this case that CNYPC "has no law library and that [residents] are not allowed access to computerized legal research." *Suggs v. Maxymillian*, No. 9:13-cv-359, 2015 WL 5750998, at *10 (N.D.N.Y. Sept. 30, 2015).[2] Based on this admission, it appears that Trombley may have established an extraordinary circumstance warranting tolling of the one-year limitations period. Moreover, the record supports that Trombley was reasonably diligent in pursuing his rights. For example, his Petition includes a letter he wrote to Respondent dated June 20, 2014, in which he requests "details as to what exactly I am expected to admit, to complete the program here, and earn my release." Docket No. 1-1 at 15. Likewise, he includes a letter from the New York State Supreme Court dated October 1, 2012, which indicates that Trombley had contacted the state court by telephone about his case. Docket No. 1-1 at 18. The letter noted that Trombley could make a motion for a writ of error coram nobis, which he subsequently did. Equitable tolling is therefore warranted, and it is not appropriate to dismiss Trombley's Petition on timeliness grounds.

---

[2] In that case, the Attorney General noted that residents are afforded access to Mental Hygiene Legal Service ("MHLS") attorneys. *Suggs*, 2015 WL 5750998, at *10. The plaintiffs there alleged that the MHLS caseload is too great for them to render effective assistance. *Id.*

9

**IT IS THEREFORE ORDERED THAT** Respondent's Motion to Dismiss the Petition under 28 U.S.C. § 2254 for a Writ of Habeas Corpus is **DENIED**.

**IT IS FURTHER ORDERED THAT** Respondent is directed to answer the Petition at Docket No. 1 within 60 days from the date of this order.

Dated: October 25, 2016.

/s/ James K. Singleton, Jr.
JAMES K. SINGLETON, JR.
Senior United States District Judge
